Levin, Admr., Appellee, *v*. Hardwig, Appellant.

(No. 79-92—Decided December 5, 1979.)

*Sindell, Sindell, Selker, Rubenstein, Einbund & Pavlik Co., L.P.A. Mr. David I. Sindell, Mr. William J. Novak* and *Mr. Mark A. Selker,* for appellee.

*Reminger & Reminger Co., L.P.A.,* and *Mr. Mario C. Ciano,* for appellant.

*Per Curiam.* Appellant's appeal is grounded on the proposition that the Court of Appeals erred in concluding that appellee's expert medical witness, Dr. Hoffman, was competent to testify under the purported standards set forth for such testimony under R. C. 2743.43 (A) (2).[1]

R. C. 2743.43 provides:

"(A) No person shall be deemed competent to give expert testimony on the liability issues in a medical claim, as defined in division (D) (3) of section 2305.11 of the Revised Code, unless:

"* * *

"(2) Such person devotes three-fourths of his professional time to the active clinical practice of medicine or surgery, osteopathic medicine and surgery, or podiatric

---

[1] Our holding in this cause in no manner addresses whether R. C. 2743.43 is a constitutional infringement of this court's power under Section 5 (B) of Article IV of the Constitution of Ohio to prescribe rules governing the practice and procedure in the courts of the state, or, "whether the passage of such procedural statutes violates the Separation of Powers doctrine by unreasonably infringing upon the inherent power of the judicial branch of state government." *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 120, 387 N.E. 2d 231, at fn. 4. It is well settled that constitutional issues which are not raised by the parties will ordinarily not be decided by this court. *Moats* v. *Metropolitan Bank of Lima* (1974), 40 Ohio St. 2d 47, 319 N.E. 2d 603; *State* v. *Phillips* (1971), 27 Ohio St. 2d 294, 272 N.E. 2d 347.

medicine and surgery, or to its instruction in an accredited university."

The evidence adduced at trial during Dr. Hoffman's voir dire demonstrates that he devotes the entirety of his professional time to his practice at the Veterans Administration, where he is paid to examine and to diagnose patients for the disability adjudication board. Dr. Hoffman's findings are thereafter employed by the board to determine the extent of a patient's disability. In addition to the diagnostic function performed by Dr. Hoffman, he also refers his patients to other physicians and makes recommendations as to the proper course of treatment for those patients. In his practice, Dr. Hoffman consults with other physicians with regard to these patients.

Under such circumstances, we are of the view that Dr. Hoffman is engaged in the "active clinical practice of medicine,"[2] within the meaning of R. C. 2743.43 (A) (2), and is not barred from testifying by the operation of that statute.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, LOCHER and HOLMES, JJ., concur.

LYNCH, J., dissents.

LYNCH, J., of the Seventh Appellate District, sitting for SWEENEY, J.

LYNCH, J., dissenting. I agree with the majority opinion that under the facts of this case Dr. Hoffman satisfies the requirement of R. C. 2743.43 (A) (2) that three fourths of his professional time be devoted to the practice of medicine and that the issue in this case is whether such medical practice is the "active clinical practice of medicine" within the meaning of such phrase in R. C. 2743.43(A)(2). I respectfully dissent

---

[2] The General Assembly has not defined "clinical practice" as used in R. C. 2743.43 (A) (2). By way of reference, we note that N. Y. Consol. Laws, Education Law, Section 385-b (a) has defined the term as:

"* * * the act of providing any form of medical and health care, including patient consultations, and the act of performing clinical investigation involving patients, for which acts a fee for professional services is customarily charged."

from the majority on the interpretation of "active clinical practice of medicine."

In my opinion the legislature intended in the enactment of R. C. 2743.43 (A) (2) to change the prior existing law as to the qualifications of a medical expert who would be permitted to testify on the liability issues in a medical claim.

I agree that Dr. Hoffman would qualify as a medical expert under the prior existing law. However, I strongly disagree with the majority opinion that Dr. Hoffman qualifies as a medical expert under R. C. 2743.43.

The phrase "clinical practice of medicine or surgery," as used in R. C. 2743.43 (A) (2), has not been defined by any Ohio statute nor has any published court decision defining this phrase been called to this court's attention. However, numerous dictionary definitions are readily available as to such definition.

The Court of Appeals for Mahoning County had the identical question as in this case before it in the unreported case of *Ashton* v. *Weiss,* No. 78 C.A. 114, and held as follows:

" 'Clinical practice of medicine or surgery' as used in R. C. 2743.43 (A) (2) pertains to the actual observation and treatment of patients as distinguished from theoretical or experimental. It also pertains to a clinic which can either be an institution or building where patients are admitted for study and treatment by a group of physicians who practice medicine together or to a class of medical instruction in which patients are examined and treated in the presence of the students."

In the instant case, Dr. Hoffman observed and diagnosed patients of the Veterans Administration but he did not treat any patients. The purpose of his medical practice was for the determination of the extent of the patient's disability and not for the purpose of treating that patient. In my opinion, the treatment of a patient is an essential requirement of the "clinical practice of medicine."